IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Rickel Jeffries, | ) | |
|                Petitioner, | ) ) ) | Civil Action No. 8:25-cv-12731-TMC |
| vs. | ) ) | |
| Scotty Bodiford, | ) ) | **ORDER** |
|                Respondent. | ) ) ) | |

Petitioner Rickel Jeffries, a pretrial detainee proceeding *pro se* and *in forma pauperis*, (ECF No. 11), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from incarceration, (ECF No. 1). Now before the court is the magistrate judge's[1] Report and Recommendation ("Report"), recommending this matter be dismissed without requiring the respondent to file a return. (ECF No. 12). Petitioner filed objections to the Report, (ECF No. 15), and this matter is ripe for review.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling.

1

recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from

sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## DISCUSSION

Petitioner raises the following grounds in his petition:

**GROUND ONE**: Violation of the 4th Amendment "Probable Cause" analysis.

**Supporting Facts**: On May 21, 2025 I was pulled over by a Greenville County Sheriff Deputy who alleged unproper turn [and] tented license plate. I was never given a traffic ticket, he never checked my registration or did any proper procedures when it comes to alleged traffic infractions.

**GROUND TWO**: Violation of the 4th Amendment Search and Seizure analysis.

**Supporting Facts**: When I was pulled over on May 21, 2025 the Greenville County Sheriff Deputy told me to get out of the car for no reason. I told him I don't fell comfortable getting out. He the[n] reached in and opened my door from the inside handle. I also said I don't consent to his search which he then calls for a canine which takes over 30 minutes. No drugs were found with him claiming the dog alerted.

**GROUND THREE**: Violation of 4th Amendment Analysis of the Neutral and Detached Clause

**Supporting Facts**: The magistrate who signed the warrants (James E Hudson) . . . Address is the law enforcement center which is the same address as the Affiants.

**GROUND FOUR**: Violation of Due Process of the 14th Amendment and the (Separation of Power) of S.C. Constitution, Article 1, Sec 8 by Judge Salvini.

**Supporting facts**: On the 15th of August 2025 Judge Salvini (Family Court Judge) holds my criminal court hearing at General Sessions and continues it for probation violation for the May 21, 2025 traffic violation. SC Code 14-1-216 specifically says no active family court judge may be assigned to preside over any official proceeding in the Circuit Court. How did a Family Court Judge hold a Criminal Court hearing?

(ECF No. 1 at 6-7). For relief, Petitioner seeks to be released from incarceration. *Id*. at 7.

The magistrate judge recognized that "pretrial habeas relief is available under § 2241 if the petitioner is in custody, has exhausted his state court remedies, and 'special circumstances' justify

3

the provision of federal review." (ECF No. 12 at 5) (quoting *Allen v. Robinson*, 986 F.2d 1412, 1993 WL 46883, *1 (4th Cir. 1993)). However, the magistrate judge concluded Petitioner failed to show he exhausted his state court remedies or that special circumstances justify this court's review, noting that each of Petitioner's claims may be raised in the state courts. *Id*. at 6. Additionally, the magistrate judge determined the court should abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), finding there are ongoing state judicial proceedings that implicate important state interests and that there is an adequate opportunity to raise his claims in those proceedings.[2] *Id*. at 6-8. As such, the magistrate judge recommends the undersigned dismiss this action without requiring the respondent to file a return. *Id*. at 11. Petitioner filed objections to the Report, contesting, among other things, the magistrate judge's finding that this court should abstain from interfering in the state criminal proceedings.

The Fourth Circuit Court of Appeals has set forth the following test to determine when a federal court should abstain from interfering with state criminal proceedings: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings. *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). Petitioner does not object to the magistrate judge's finding that each criterion is met in this instance. Instead, liberally construing his objections, (ECF No. 15), he appears to argue this court should nevertheless intervene under the bad faith/harassment exception to the *Younger* doctrine.

"In 'extraordinary circumstances,' a federal court has the discretion to disregard 'strong federal policy against federal court interference with pending state judicial proceedings.'"

---

[2] The magistrate judge also concluded Petitioner's claim that the state magistrate judge who issued the warrants was not "neutral and detached" was frivolous as discussed in the Report. (ECF No. 12 at 8-10).

4

*Salartash v. Chaudhry*, No. 3:25-cv-4 (RCY), 2025 WL 711960, at *6 (E.D. Va. Mar. 5, 2025) (quoting *Nivens v. Gilchrist*, 319 F.3d 151, 154 (4th Cir. 2003)). One circumstance justifying federal court intervention is when there has been "'bad faith or harassment' by state officials responsible for the prosecution." *Air Evac EMC, Inc. v. McVey*, 37 F.4th 89, 96 (4th Cir. 2022). "To prevail under the bad faith exception, the petitioner must show 'a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.'" *Wood v. Olejasz*, No. 1:21-cv-103, 2021 WL 4450270, at *3 (N.D.W. Va. Aug. 10, 2021) (quoting *Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir. 1986)). "It is [Petitioner's] 'heavy burden to overcome the bar' of the *Younger* abstention doctrine by setting forth more than 'mere allegations of bad faith or harassment.'" *Salartash*, No. 3:25-cv-4 (RCY), 2025 WL 711960, at *7 (quoting *Gilbert v. N. Carolina State Bar*, 660 F. Supp. 2d 636, 644 (E.D.N.C. 2009)). *See Erie Ins. Exch. v. Maryland Ins. Admin.*, 105 F.4th 145, 153 n.3 (4th Cir. 2024) (recognizing "'there is no case since Younger was decided in which the Supreme Court has found' the [bad faith] *Younger* exception 'was applicable'") (quoting 17B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4255 (3d ed. 2023)).

After carefully reviewing his petition and objections to the Report in accordance with the standard set forth above, the court finds Petitioner has not met his burden of showing that the state criminal proceedings are being brought in bad faith or that there has been harassment by the state officials responsible for the prosecution. Petitioner has also not shown that there is no state procedure that would provide him an adequate remedy to raise his claims. Accordingly, the court finds Petitioner has failed to establish the necessary circumstances justifying this court's intervention in his state criminal proceedings. As such, the magistrate judge's recommendation is adopted, and this case is dismissed.

**CONCLUSION**

Accordingly, for the reasons set forth above, the court **ADOPTS** the magistrate judge's recommendation in the Report, (ECF No. 12), and **DISMISSES** this action **with prejudice**.[3]

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability. However, Petitioner is advised that he may seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit pursuant to Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
November 19, 2025

---

[3] *See Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006) (recognizing that "when a district court abstains from a case based on *Younger*, it should typically dismiss the case with prejudice; not on the merits . . . but instead because the court is denied the equitable discretion ever to reach the merits").